UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LORA POWELL,

    Plaintiff,

v.

VERIZON WIRELESS SOLUTIONS, LLC,    **JURY TRIAL DEMANDED**

    Defendant.

## COMPLAINT AT LAW

Plaintiff, Lora Powell ("Powell"), by and through her attorneys, Caffarelli & Associates, Ltd., for her Complaint at Law against Verizon Wireless Solutions, LLC, states as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief against Defendant Verizon Wireless Solutions, LLC ("Company" or "Verizon") for its unlawful interference with Plaintiff's rights and retaliation against Plaintiff for exercising her rights in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA").

2. In addition, Plaintiff brings this action against Defendant for unlawful discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended ("Title VII") and unlawful discrimination on the basis of disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA").

### JURISDICTION AND VENUE

3. This Court has original jurisdiction over all counts within this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 2000e-5(f)(3) (right to civil action under Title VII), 42 U.S.C. § 12117(a) (right to civil action under the ADA), and 29 U.S.C. §

2617 (right to civil action under the FMLA).

4. The unlawful employment practices described herein were committed within the State of Illinois, in the place of Plaintiff's employment in the Company's location in Chicago, Illinois. Accordingly, venue in the Eastern Division of the U.S. District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

5. On December 16, 2015, Powell filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC") against Defendant, substantially describing the facts recited herein and which is incorporated by reference.

6. On March 29, 2016, the EEOC issued a Dismissal and Notice of Rights, a copy of which is attached as <u>Exhibit A</u>. This Complaint was filed within ninety days of Plaintiff's receipt of the Dismissal and Notice of Rights from the EEOC.

7. Plaintiff has satisfied all conditions precedent to pursuing her claims under Title VII.

8. At all times relevant, Defendant employed more than 50 employees within 75 miles of Plaintiff's location of employment in Chicago, Illinois.

**PARTIES**

9. Plaintiff is a female resident of Cook County, Illinois. Defendant employed Plaintiff as Solutions Specialist Emerging Technology Consultant ("ETC") in Chicago, Illinois beginning in or around June 2014 until on or about March 7, 2016.

10. At all times relevant, Plaintiff was an "employee" within the meaning 29 U.S.C. § 2611(2)(A).

11. Verizon is a Delaware corporation, engaged in the business of providing cellular services. Upon information and belief, Defendant's corporate headquarters are located in

Basking Ridge, New Jersey. Verizon is registered with the Illinois Secretary of State and conducts business within the State of Illinois.

12. The Company employs more than sixty (60) employees, is engaged in an industry affecting commerce, and is an "employer" within the meaning of Title VII.

13. At all times relevant, Verizon was Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(2)(A).

## FACTUAL ALLEGATIONS

8. Plaintiff began working for Defendant as an ETC in or around June 2014. Throughout her employment with Defendant, Plaintiff performed her job satisfactorily.

9. In or about February 2015, Plaintiff was diagnosed as having fibroid tumors.

10. In or around September 2015, Plaintiff's physicians informed her that she likely had ovarian cancer, which would require surgery.

11. On or about October 15, 2015, Plaintiff informed the Company that she would need time off from work in order to undergo surgery.

12. On or about October 16, 2015, Plaintiff submitted her application for FMLA leave.

13. Plaintiff was scheduled to undergo surgery on November 5, 2015; however, in the week of November 5, Plaintiff's surgery was postponed and rescheduled to December 17, 2015.

14. Plaintiff subsequently updated her FMLA leave request to begin with her new surgery date of December 17, 2015.

15. Plaintiff informed her colleagues at the Company that she was contending with fibroid tumors and possibly ovarian cancer.

16. On November 19, 2015, the Company informed Plaintiff that she would be laid off, effective December 31, 2015.

17. In addition, Defendant told Plaintiff that she would no longer be receiving new accounts after November 30 and should begin transitioning her existing accounts to the remaining male members of her team.

18. The Company had hired two new male employees to work on Plaintiff's team in or around September 2015 and in or around October 2015.

19. On December 16, 2015, Plaintiff filed a Charge of Discrimination with the EEOC.

20. On December 17, 2015, prior to her surgery, Powell contacted the Company to inform them that she had not received any information regarding her applications for FMLA leave and short-term disability.

21. On December 17, 2015, Powell underwent surgery.

22. On or about December 22, 2015, Plaintiff's FMLA leave was approved from December 17, 2015 through January 31, 2016.

23. Serious complications during the surgery on December 17, 2015. Due to the surgical complications, Plaintiff's FMLA leave was subsequently extended to March 7, 2016.

24. Per the Severance Plan Document provided to Powell by the Company, her last day of employment would be the date she was scheduled to return to work from FMLA leave.

25. On or about February 9, 2016, the Company confirmed that Powell's final day on Verizon's payroll would be the date she was scheduled to return to work from FMLA leave.

26. On March 7, 2016, Powell was scheduled to return to work from her FMLA leave. Powell was not reinstated or permitted to return to work. Instead, Plaintiff was discharged effective March 7, 2016.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT - INTERFERENCE

27. Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

28. The matters set forth in this Count arise from Defendants' violation of the FMLA, 29 U.S.C. § 2601, *et seq*.

29. At the time Plaintiff requested and took medical leave, she was an "eligible employee" within the meaning of the FMLA.

30. At the time Plaintiff attempted to be reinstated, she was an "eligible employee" within the meaning of the FMLA.

31. As an eligible employee who required time off due to her own serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

32. Defendant interfered with Plaintiff's rights under the FMLA by its failure to reinstate her to her same or a substantially similar position.

33. Defendant interfered with Plaintiff's rights under the FMLA by terminating her employment upon her request for and usage of FMLA leave.

WHEREFORE, Plaintiff, Lora Powell, respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    B. Enjoining and permanently restraining these violations of the FMLA;

    C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of the FMLA;

    D. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

    E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT - RETALIATION

34. Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

35. The matters set forth in this Count arise from Defendants' violation of the FMLA, 29 U.S.C. § 2601, *et seq.*

36. At the time Plaintiff requested and took medical leave, she was an "eligible employee" within the meaning of the FMLA.

37. At the time Plaintiff attempted to be reinstated, she was an "eligible employee" within the meaning of the FMLA.

38. As an eligible employee who required time off due to her own serious health condition, Plaintiff was entitled to take leave pursuant to the FMLA.

39. Defendant retaliated against Plaintiff for requesting and taking time away from work due to a serious health condition by terminating her employment, in violation of the FMLA.

WHEREFORE, Plaintiff, Lora Powell, respectfully requests that this Court enter an order as follows:

    G. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of the FMLA;

    H. Enjoining and permanently restraining these violations of the FMLA;

    I. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of the FMLA;

J. Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

K. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

L. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

## COUNT III – GENDER DISCRIMINATION
### In Violation of Title VII, 42 U.S.C. § 2000e

40. Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

41. Defendant is an "employer" within the meaning of Title VII.

42. Plaintiff was an "employee" within the meaning of Title VII.

43. Fibroid tumors and ovarian cancer are medical conditions that only effect women.

44. Plaintiff's need for medical treatment and leave were due to her need for treatment for female medical conditions.

45. Following her revelation of her female medical conditions to the Defendant, Plaintiff was terminated.

46. Defendant discriminated against Plaintiff on the basis of gender through its decision to terminate her employment, remove her accounts in favor of placement with male employees, and terminating her employment.

WHEREFORE, Plaintiff Lora Powell respectfully requests that this Court enter an order as follows:

A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title VII;

B. Enjoining and permanently restraining these violations of Title VII;

    C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title VII;

    D. Awarding Plaintiff compensatory and punitive damages;

    E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

    F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

### COUNT IV – DISABILITY DISCRIMINATION
### In Violation of the ADA, 42 U.S.C. § 12101, *et seq.*

47. Plaintiff restates and incorporates Paragraphs 1 through 26 as though fully set forth herein.

48. Defendant is an "employer" within the meaning of the ADA.

49. Plaintiff was an "employee" within the meaning of the ADA.

50. Plaintiff suffered from a disability within the meaning of the ADA.

51. Defendant perceived Plaintiff as a person suffering from a disability.

52. Following her revelation disability to the Defendant, Plaintiff was terminated.

53. Defendant discriminated against Plaintiff by selecting her for discharge and discharging her employment due to her disability and/or the perception of her disability.

WHEREFORE, Plaintiff Lora Powell respectfully requests that this Court enter an order as follows:

    A. Declaring that the acts and practices by Defendant, as described herein, constitute a violation of Title VII;

    B. Enjoining and permanently restraining these violations of Title VII;

    C. Awarding Plaintiff back wages, front pay, and lost benefits due to Defendant's violation of Title VII;

    D. Awarding Plaintiff compensatory and punitive damages;

  E. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

  F. Awarding Plaintiff such further and additional relief, including equitable damages, as the Court may deem just and proper.

| | |
|---|---|
| Dated: June 27, 2016 | Respectfully submitted,<br>LORA POWELL |
| Alejandro Caffarelli, #06239078<br>Alexis D. Martin, #06309619<br>Caffarelli & Associates, Ltd.<br>224 S. Michigan Ave., Suite 300<br>Chicago, Illinois 60604<br>Tel. (312) 763-6880 | By: /s/ Alexis D. Martin<br>  Attorney for Plaintiff |

**Plaintiff hereby requests a jury on all issues so triable.**

9